STATE OF SOUTH CAROLINA ) 
                                )     **IN THE COURT OF COMMON PLEAS**

COUNTY OF RICHLAND )

Junnie Mae Wider

**05CP401019**

              **Plaintiff(s)** )    **CIVIL ACTION COVERSHEET**

             )            - CP - 

      vs.            )

Isuzu, Inc. and Kathy Williams )

          **Defendant(s)** )

| (Please Print) | |
|---|---|
| Submitted By:Wm. Gary White, III | SC Bar #: |
| Address:  2009 Lincoln Street | Telephone #:   803-256-2115 |
|         Columbia, SC 29201 | Fax #:        803-256-2761 |
| | Other: |
| | E-mail: |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION  *(Check all that apply)*

*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.

☐ This case is subject to **ARBITRATION** pursuant to the Circuit Court Alternative Dispute Resolution Rules.

☒ This case is subject to **MEDIATION** pursuant to the Circuit Court Alternative Dispute Resolution Rules.

☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION  *(Check One Box Below)*

| **Contracts** | **Torts - Professional Malpractice** | **Torts – Personal Injury** | **Real Property** |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☒ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Other (299) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Other (399) | ☐ Building Code Violation (460) |
| | | | ☐ Other (499) |

| **Inmate Petitions** | **Judgments/Settlements** | **Administrative Law/Relief** | **Appeals** |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Sexual Predator (510) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (599) | ☐ Transcript Judgment (740) | ☐ Forfeiture (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Other (899) | ☐ SCDOT (950) |
| | ☐ Other (799) | | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |

| **Special/Complex /Other** | | **Appeals** |
|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Administrative Law Judge (980) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Public Service Commission (990) |
| ☐ Medical (620) | ☐ Other (699) | ☐ Employment Security Comm (991) |
| | | ☐ Other (999) |

Submitting Party Signature: _____    Date:  3-2-05

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (5/04)                     **EXHIBIT A**                  Page 1 of 2

O5CP 401019

STATE OF SOUTH CAROLINA    )
                           )    IN THE COURT OF COMMON PLEAS
COUNTY    OF    RICHLAND    )    FIFTH JUDICIAL CIRCUIT
                           )
                           )    (Jury Trial Requested)
Junnie Mae Wider,          )
                           )
            Plaintiff,      )
                           )
      vs.                  )
                           )    **SUMMONS**
Isuzu, Inc. and Kathy      )
Williams,                  )
                           )
            Defendants.    )
_____)

TO:  DEFENDANT ABOVE-NAMED:

    **YOU ARE HEREBY SUMMONED** and required to answer the Complaint

in this action, a copy of which is hereby served upon you, and to

serve a copy of your Answer to the said Complaint on the subscriber

at his office, 2009 Lincoln Street, Columbia, South Carolina 29201,

within thirty (30) days after the service hereof, exclusive of the

day of such service, and if you fail to answer the Complaint within

the time aforesaid, the Plaintiff in this action will apply to the

court for the relief demanded in the Complaint, and judgment by

default will be entered against you.

                              Wm. Gary White, III
                              Attorney for Plaintiff
                              2009 Lincoln Street
                              Columbia, SC 29201
                              (803) 256-2116

Columbia, South Carolina

March ____/____, 2005.

EXHIBIT A
Page 2 of 23

STATE OF SOUTH CAROLINA    )
                           )          IN THE COURT OF COMMON PLEAS
COUNTY    OF    RICHLAND    )          FIFTH JUDICIAL CIRCUIT


Junnie Mae Wider,                )    (Jury Trial Requested)
                                 )
            Plaintiff,           )
                                 )
     vs.                         )          **COMMPLAINT**
                                 )
Isuzu, Inc. and Kathy            )
Williams,                        )
                                 )
            Defendants.          )
_____ )


    The Plaintiff above-named, complaining of the Defendants herein, would respectfully show unto this Honorable Court:

    1.  That the Plaintiff is a citizen and resident of the County of Richland, State of South Carolina.

    2.  That the Defendant Isuzu, Inc., is upon information and belief, a corporation duly organized and existing under the laws of one of the states of the United States of America, and maintains offices, as well as agents and servants in the county and state aforesaid for purpose of carrying on its business.

    3.  That the Defendant Kathy Williams is a citizen and resident of the County of Richland, State of South Carolina.

### FACTUAL ALLEGATIONS

    4.  On or about the 5th day of August, 2004, Defendant Williams was driving a 2003 Isuzu Ascender on Interstate Highway 20 in an easterly direction toward Columbia, South Carolina from Atlanta, Georgia.  Plaintiff was a passenger in the front seat of

the Defendant Williams' 2003 Ascender, which was manufactured by the Defendant Isuzu, Inc.

5.   Plaintiff and Defendant Williams were returning from a trip to California to visit relatives.

6.   They arrived at the Atlanta airport early that same morning tired from the cross country plane trip.   Although Defendant Williams was tired, she insisted on driving home without rest.

7.   Defendant Williams over-packed the Isuzu Ascender even though that would cause it to be even more top heavy and unstable that it already was by defect in its design.

8.   That as Defendant Williams drove down Interstate 20, Plaintiff kept talking to her, trying to keep her alert and awake.

9.   As the Plaintiff continued to talk to the Defendant, she noticed that the Defendant Williams was no longer responding and turned to see that the Defendant Williams did not appear to be conscious of where she was going.

10.   Defendant Williams allowed the Ascender to drift to the middle (left) shoulder of the highway thereby startling the Defendant Williams.

11.   In response, Defendant Williams turned the wheel of the Ascender violently to the right causing the top heavy Ascender to roll over on its side and to travel off of the outside (right) shoulder of the highway and down an embankment where it struck a

-2-

tree.

12.   Plaintiff was jarred and thrown about roughly as the Ascender vehicle turned over, rolled and struck the tree.

13.   Plaintiff was thrown about violently inside the vehicle suffering diverse contusion and strain and shock to her whole body.

14.   Defendant Williams has denied Plaintiff access to the evidence in this case, the Ascender, which she has, upon information and belief, destroyed.

## FOR A FIRST CAUSE OF ACTION

### (Negligence I against Defendant Williams)

15.   Plaintiff herein repeats and reiterates each and every allegation contained in the preceding paragraphs as though set forth herein verbatim.

16.   That Defendant Williams was willful, wanton, reckless, grossly negligent, negligent and careless in each of the following particulars:

(A). In insisting on driving the vehicle in question despite her being tired from a cross country flight and the early morning hour of her departure.

(B). In over-packing the vehicle in question causing it to be top heavy and unstable.

(C). In over-packing the vehicle in question when the Defendant Williams knew or should have known by the exercise of due

-3-

diligence, that the Isuzu Ascender was because of its design characteristics, top heavy, unstable, and prone to roll over, and that over-packing it would only make it more so.

(D). In failing to keep a proper lookout and to properly observe they roadway and traffic conditions then prevailing.

(E). In failing to then and there maintain proper control over the vehicle in question.

(F). In allowing the vehicle in question to veer into the middle (left) shoulder of the highway.

(G). In turning the steering wheel of the vehicle in question too sharply to the right, thereby causing it to roll over.

(H). In turning the steering wheel of the vehicle too far to the right when the Defendant Williams either knew or by the exercise of due diligence should have known that the vehicle in question was top heavy and prone to roll over, and was made even more so by being overloaded.

17.   That as a direct result and consequence of the aforestated acts of negligence of the Defendant Williams, the Plaintiff was thrown violently about the inside of the vehicle in question suffering contusions and strain to her whole body and in particular trauma and injury to her right shoulder, right collar bone, left hip and left hand and arm.  Plaintiff's left little finger was broken.  As a result the Plaintiff suffered physical pain and discomfort, acute emotional distress and anguish, she was

-4-

physically disabled for a period of time and unable to work or earn her livelihood, lost wages, had to undergo medical examination and treatment resulting in medical bills. The Plaintiff has suffered permanent injury to her left small finger which will result in future pain and suffering, future emotional distress, future medical bills, and permanent disability and disfigurement.

### FOR A SECOND CAUSE OF ACTION

**(Negligence II against Defendant Isuzu, Inc.)**

18. Plaintiff herein repeats and reiterates each and every allegation contained in the preceding paragraphs as though set forth herein verbatim.

19. That the Defendant Isuzu, Inc. was willful, wanton, reckless, grossly negligent, negligent and careless in each of the following particulars:

(A). In designing the 2003 Isuzu Ascender with a high center of gravity causing it to be top heavy and to roll over when turned in the manner in which Defendant Williams turned it on the date in question.

(B). In failing to notify and warn the Plaintiff, and the Defendant Williams, that the Isuzu Ascender in question had a high center or gravity, was top heavy, and prone to roll over when turned in a manner such as Defendant Williams turned it on the date in question.

-5-

(C). In failing to notify and warn the Plaintiff and Defendant Williams that overloading said Ascender would cause it to be more top heavy and prone to roll over when turned in the manner Defendant Williams turned it.

(D). In failing to conduct proper tests on the design of the 2003 Isuzu Ascender to know of its handling characteristics when subjected to a turn such as was made by the Defendant Williams on the date in question so as to be able to make appropriate safety adjustments to the design of the vehicle prior to selling said vehicle to the Defendant Williams. And, in failing to test said design when overloaded as on the date in question.

(E). In failing to recall said vehicle and take appropriate curative action to prevent said vehicle from overturning when turned in a manner which Defendant Williams turned it on the date in question.

(F). In defectively designing and manufacturing the front and side airbags for the aforesaid Ascender so that, upon information and belief, said airbags failed to deploy on the date in question or to prevent injury to the Plaintiff.

20. That as a direct result and consequence of the aforestated acts of negligence of the Defendant Isuzu, Inc., the Plaintiff was thrown violently about the inside of the vehicle in question suffering contusions and strain to her whole body and in particular trauma and injury to her right shoulder, right collar

bone, left hip and left hand and arm. Plaintiff's left little finger was broken. As a result the Plaintiff suffered physical pain and discomfort, acute emotional distress and anguish, she was physically disabled for a period of time and unable to work or earn her livelihood, lost wages, had to undergo medical examination and treatment resulting in medical bills. The Plaintiff has suffered permanent injury to her left small finger which will result in future pain and suffering, future emotional distress, future medical bills, and permanent disability and disfigurement.

WHEREFORE, Plaintiff prays for judgment against the Defendants, for her actual and consequential damages, punitive damages, for costs including attorney's fees, and for such other and further relief as this court may deem just and equitable.

Wm. Gary White, III
Attorney for the Plaintiff
2009 Lincoln Street
Columbia, SC 29201
(803) 256-2115

Columbia, South Carolina

March ____/____, 2005.

-7-

11/15/05  TUE 12:18 FAX 864 240 4573        HAYNSWORTH SINKLER BOYD                      004

STATE OF SOUTH CAROLINA          )      IN THE COURT OF COMMON PLEAS
COUNTY OF RICHLAND               )        FIFTH JUDICIAL CIRCUIT
                                 )
Junnie Mae Wider                 )      CERTIFICATE OF SERVICE
                 Plaintiff,      )
                                 )        Case No: 05-CP-40-1019
                                 )
vs                               )
                                 )
Isuzu, Inc. And Kathy Williams   )
                                 )
                                 )
                 Defendant,      )
                                 )

I, Helen Marie Veal, employee of the Law Firm of Wm. Gary White, III, hereby certify that on this 25, of October, 2005, I have served **Plaintiff's Summons and Complaint, Request for Production, Interrogatories,** upon the following by depositing same in the United States Mail, postage paid addressed certified Mail:

TO:
C. T. Corp System
75 Beattie Place
Two Signia Financial Plaza
Greenville, South Carolina 29601

*Helen M. Veal*
  (Helen Marie Veal

LEGAL DEPT.
NOV 1? 2005
RECEIVED

C T CORPORATION SYSTEM

75 Beattie Place
Two Liberty Square - 11th Floor
Post Office Box 2048
Greenville, South Carolina 29602

FACSIMILE NUMBER (864) 240-4573

PRIVILEGED AND CONFIDENTIAL

This facsimile message is privileged and confidential. It is intended solely for the use of the individual named below. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you are hereby advised that any dissemination, distribution or copying of this communication is prohibited. If you have received this facsimile message in error, please immediately notify the sender by telephone and return the original message to the sender by U.S. Mail.

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

NAME: Wesley Kumagai

FIRM/COMPANY: Isuzu Motors America, Inc.

TELEPHONE: 562 229-5000 FAX: 562 229-5090

FROM: C T Corporation System
Linda W. Dilleshaw 864 240-3302
Secretary to Charles E. McDonald, Jr. 864 240-3305

COMMENTS: Service of Process

NUMBER OF PAGES INCLUDING THIS COVER SHEET: 17

DATE: November 15, 2005

IF YOU DO NOT RECEIVE ALL PAGES OR IF ANY TRANSMISSION IS NOT LEGIBLE, PLEASE TELEPHONE (864) 240-3302 IMMEDIATELY.

File Number: 00783-0116

11/15/05  TUE 12:15 FAX 864 240 4573    HAYNSWORTH SINKLER BOYD    ☑002

## CT CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
11/15/2005
Log Number 510656575

TO:    Wesley Kumagai
       Isuzu Motors America, Inc.
       13340 183rd Street
       Cerritos, CA, 90703

RE:    **Process Served in South Carolina**

FOR:   Isuzu Motors America, Inc. (Domestic State: MI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Junnie Mae Wider, Pltf. vs. Isuzu, Inc. and Kathy Williams, Dfts. -- Cover Letter Directs documents to Isuzu Motors America, Inc |
| **DOCUMENT(S) SERVED:** | Cover Sheet, Summons, Complaint, Request for Production to Defendant Isuzu, Inc., Interrogatories to Defendant Isuzu, Inc. |
| **COURT/AGENCY:** | Richland County Court of Common Pleas, SC<br>Case # 05-CP-40-1019 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - Accident occured on or about August 5, 2004 involving a 2003 Isuzu Ascender which is alledged to have been defectively designed and manufactured |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Greenville, SC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/28/2005 postmarked on 10/26/2005 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | William Gary White, III, Esq.<br>2009 Lincoln Street<br>Columbia, SC, 29201<br>803-256-2116 |
| **REMARKS:** | NOTE: Documents were inadvertently sent to Isuzu LLC inasmuch as the entity shown on the caption of all the documents is shown as Isuzu, Inc. The documents were returned to C T on NOVEMBER 15, 2005 VIA REGULAR MAIL by Isuzu LLC. The cover letter states that the documents should have been sent to Isuzu Motors America, Inc. |
| **ACTION ITEMS:** | Telephone, Wesley Kumagai, 562-229-5000<br>SOP Papers with Transmittal, via  Fed Ex Priority Overnight, 790713132801<br>SOP Papers with Transmittal, via  Fed Ex 2 Day, 791253882391<br>*Package sent in error to recipient for Isuzu, LLC.*<br>SOP Papers with Transmittal, via Fax, Wesley Kumagai 562-229-5090<br>Email Notification, Annette McGovern ANNETTE.MCGOVERN@CIT.COM<br>*Sent in error to recipient for Isuzu, LLC.* |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>75 Beattie Place<br>Greenville, SC, 29602<br>864-240-3302 |

Page 1 of 1 / JW

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | |
| | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | ) | FIFTH JUDICIAL CIRCUIT |
| Junnie Mae Wider, | ) | Civil Action No. 2005-CP-40-1019 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ANSWER AND DEFENSES OF** |
| | ) | **ISUZU MOTORS AMERICA, INC.** |
| Isuzu, Inc. and Kathy Williams, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

NOW COMES ISUZU MOTORS AMERICA, INC. (IMA), improperly identified in the Complaint as "Isuzu, Inc.," and makes and files its Answer and Defenses to plaintiff's Complaint, respectfully showing as follows:

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim against IMA upon which relief may be granted.

### SECOND DEFENSE

Venue may not be proper in Richland County.

### THIRD DEFENSE

IMA answers each individually numbered paragraph of plaintiff's Complaint as follows:

1.

IMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.

IMA admits that it is a foreign corporation with its principal place of business in California. IMA further admits that it distributes vehicles, some of which may be sold in the state of South Carolina. IMA denies the remaining allegations contained in paragraph 2.

3.

IMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

**Answering the Section of Plaintiff's**
**Complaint Entitled "Factual Allegations"**

4.

IMA denies that it manufactured the subject 2003 Isuzu Ascender. IMA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.

5.

IMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6.

IMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.

IMA denies that the subject 2003 Isuzu Ascender was defective when the vehicle left the company's possession, custody, and control. IMA further denies that it is responsible in any way for causing or contributing to the injuries and damages alleged in plaintiff's

2

Complaint. IMA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7.

8.

IMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9.

IMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10.

IMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11.

IMA denies that the subject 2003 Isuzu Ascender was defective when the vehicle left the company's possession, custody, and control. IMA further denies that it is responsible in any way for causing or contributing to the injuries and damages alleged in plaintiff's Complaint. IMA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11.

12.

IMA denies that the subject 2003 Isuzu Ascender was defective when the vehicle left the company's possession, custody, and control. IMA further denies that it is responsible in any way for causing or contributing to the injuries and damages alleged in plaintiff's Complaint. IMA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12.

3

13.

IMA denies that it is responsible in any way for causing or contributing to the injuries and damages alleged in plaintiff's Complaint. IMA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13.

14.

IMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

### Answering the Section of Plaintiff's
### Complaint Entitled "First Cause of Action"

15.

IMA incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1 through 14.

16.

IMA denies that the subject 2003 Isuzu Ascender was defective when the vehicle left the company's possession, custody, and control. IMA further denies that it is in any way responsible for causing or contributing to the injuries and damages alleged in plaintiff's Complaint. IMA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16.

17.

IMA denies that the subject 2003 Isuzu Ascender was defective when the vehicle left the company's possession, custody, and control. IMA further denies that it is in any way responsible for causing or contributing to the injuries and damages alleged in plaintiff's

4

Complaint. IMA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17.

17 (a).

IMA denies all allegations contained in the First Cause of Action of plaintiff's Complaint that are not herein admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

### Answering the Section of Plaintiff's Complaint Entitled "Second Cause of Action"

18.

IMA incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1 through 17.

19.

IMA denies the allegations contained in paragraph 19, including subparts (a) through (f).

20.

IMA denies the allegations contained in paragraph 20.

20 (a).

IMA denies all allegations contained in the Second Cause of Action of plaintiff's Complaint that are not herein admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

### FOURTH DEFENSE

Some or all of plaintiff's claims may be barred by the doctrine of laches.

5

### FIFTH DEFENSE

IMA states that the injuries and damages alleged in plaintiff's Complaint may have been caused by an intervening, superseding action for which IMA is in no way liable. Plaintiff is therefore not entitled to recover from IMA in this action.

### SIXTH DEFENSE

IMA states that the sole proximate cause of the injuries and damages alleged in plaintiff's Complaint may have been the actions, nonactions, or negligence of a person or persons other than IMA for whose actions, nonactions, or negligence IMA is in no way liable. Plaintiff is therefore not entitled to recover from IMA in this action.

### SEVENTH DEFENSE

IMA states that the sole proximate cause of the injuries and damages alleged in plaintiff's Complaint may have been the combination of actions, nonactions, or negligence of a person or persons other than IMA for whose actions, nonactions, or negligence IMA is in no way liable. Plaintiff is therefore not entitled to recover from IMA in this action.

### EIGHTH DEFENSE

IMA states that plaintiff may have failed to exercise ordinary care for her own protection. Plaintiff is therefore not entitled to recover from IMA in this action.

### NINTH DEFENSE

IMA states that plaintiff may have failed to exercise ordinary care for her own safety. The doctrines of comparative and/or contributory negligence may therefore be applicable, which would require that the amount of any damages otherwise recoverable by plaintiff in this action be extinguished, reduced, or apportioned in accordance with the percentage of culpable conduct attributable to plaintiff as compared to the percentage of culpable conduct of any other

person or entity in causing or contributing to the injuries and damages alleged in plaintiff's Complaint.

### TENTH DEFENSE

IMA states that the proximate cause of the injuries and damages alleged in plaintiff's Complaint may have been the misuse and/or abuse of the vehicle for which IMA is not responsible. Plaintiff is therefore not entitled to recover from IMA in this action.

### ELEVENTH DEFENSE

IMA states that plaintiff may have assumed the risks of the injuries and damages alleged in plaintiff's Complaint. Plaintiff is therefore not entitled to recover from IMA in this action.

### TWELFTH DEFENSE

IMA states that to the extent plaintiff's Complaint seeks the recovery of punitive damages, the same are unconstitutional on the following grounds:

a.    An award of punitive damages in this case would violate IMA's rights under the Contract Clause of Article I, Section 10 of the Constitution of the United States and Article I, Section 4 of the Constitution of South Carolina;

b.    An award of punitive damages in this case would violate the Equal Protection Clause of the United States Constitution and of the Constitution of South Carolina;

c.    An award of punitive damages in this case would violate the Excessive Fines Clause of the United States Constitution and of the Constitution of South Carolina;

d.    Lack of sufficient standards governing whether to award punitive damages and the amount of such punitive damages in South Carolina is violative of the Due Process Clause

of the Fourteenth Amendment of the Constitution of the United States and Article I, Section 3 of the Constitution of South Carolina;

      e.     An award of punitive damages in this case would violate IMA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the Constitution of South Carolina because South Carolina's law regarding the standards for determining liability for in the amount of punitive damages fails to give IMA prior notice of the conduct for which punitive damages may be imposed;

      f.     An award of punitive damages in this case would violate IMA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the Constitution of South Carolina because under South Carolina law, a jury award of punitive damages is not subject to post-trial and appellate court review under constitutionally adequate objective standards to assure that the award is rationally related to the states legitimate goals of deterrence and retribution;

      g.     An award of punitive damages in this case would violate IMA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the Constitution of South Carolina because under South Carolina law, a jury award of punitive damages is not subject to post-trial review through an evidentiary hearing that requires the trial court to weigh the excessiveness of the award; and,

      h.     Punitive damages are penal in nature and IMA is therefore entitled to the same procedural safeguards afforded to criminal defendants under the Fourteenth Amendment of the Constitution of the United States and Article I, Section 3 of the Constitution of South Carolina; as such, proof beyond a reasonable doubt should be required if plaintiff seeks an award of punitive damages.

8

## THIRTEENTH DEFENSE

IMA reserves the right to plead additional affirmative defenses as they become known in the course of discovery.

### Answering the "Wherefore" Paragraph

IMA answers the "Wherefore" paragraph of plaintiff's Complaint, as follows:

IMA denies that it is in any way responsible for causing or contributing to the injuries and damages alleged in plaintiff's Complaint. IMA further denies that it is liable to plaintiff in any manner or amount whatsoever. In addition, IMA denies the remaining allegations contained in the "Wherefore" paragraph.

WHEREFORE, IMA prays that plaintiff's Complaint be dismissed with prejudice; that judgment be rendered in favor of IMA; that plaintiff be assessed with all costs of this action; that IMA recover its attorneys' fees and expenses; and that IMA have such other and further relief as this Court deems just and proper.

This _____ day of December, 2005.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: _____
Deirdre Shelton McCool
E-Mail Address: deirdre.mccool@nelsonmullins.com
SC Bar No. 064004
Peter T. Phillips
E-Mail Address: peter.phillips@nelsonmullins.com
SC Bar No. 68389
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402)
Charleston, SC  29401-2239
(843) 853-5200

9

Robert D. Hays
L. Frank Coan, Jr.
Walter J. Bibbins, Jr.
King & Spalding LLP
191 Peachtree Street
Atlanta, Georgia  30303-1763
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100

*Attorneys for Defendant*
*Isuzu Motors America, Inc.*

Charleston, South Carolina

_____Dec 2ᵗ, 2005

10

CERTIFICATE OF SERVICE

I, the undersigned, of the law offices of Nelson Mullins Riley & Scarborough LLP, attorneys for Isuzu Motors America, Inc., do hereby certify that I have served all counsel in this action with a copy of the pleading(s) hereinbelow specified by mailing first class postage pre-paid to the following address(es):

Pleadings:

ANSWER AND DEFENSES OF
ISUZU MOTOR AMERICA, INC.

Counsel Served:

William Gary White, III, Esq.
2009 Lincoln Street
Columbia, SC 29201

_Lauren Lynch_
Lauren Lynch

December 27, 2005