Westlaw.
Slip Copy
Slip Copy, 2003 WL 24309801 (D.S.C.)
(Cite as: Slip Copy)

Page 1

Only the Westlaw citation is currently available.
United States District Court,D. South Carolina,
Columbia Division.
SANTEE PRINT WORKS, Plaintiff,
v.
GE LIGHTING, et al., Defendants.
No. C/A 3:03-2517-22.

Sept. 16, 2003.

Stephen Edward Darling, Haynsworth Sinkler Boyd, Charleston, SC, Edgar S. Mangiafico, Jr., George E. Duncan, Jr., Duncan and Mangiafico, Atlanta, GA, for Plaintiff.
Morris Dawes Cooke, Jr., Peter Gunnar Nistad, Barnwell Whaley Patterson and Helms, Charleston, SC, Ronald F. Negin, Steven J. Kyle, Bovis Kyle and Burch, Atlanta, GA, Allen Jackson Barnes, Sowell Gray Stepp and Laffitte, Columbia, SC, for Defendants.

ORDER OF REMAND

CURRIE, J.

*1 This matter is presently before the court on Plaintiff's motion to remand and in response to this court's rule to show cause why this matter should not be remanded. The central concerns raised by both the rule to show cause order and the motion to remand relate to the fact that this matter was pending in the state court for well over two years prior to removal. In addition, Plaintiff seeks recovery of costs pursuant to 28 U.S.C. § 1447(c). For the reasons set forth, the court finds that remand is proper but denies an award of fees and costs.

BACKGROUND

The present action was initially filed in state court on February 1, 2001. It was removed to this court on July 31, 2003, by Defendant Lithonia Lighting, Inc. This removal was with the consent of the remaining two Defendants who have also joined in opposing remand. The sole non-diverse Defendant was dismissed less than thirty days prior to the removal.

Although the action was pending in state court for over two years, it was arguably inactive on the state court's docket for much of that time. The inactivity resulted from a consent motion filed March 2, 2001, which sought to allow:

defendants an indefinite period of time within which to answer or otherwise respond to plaintiff's complaint, subject to the limitation that plaintiff may resume the subject litigation by making written demand upon the defendants that they file answers or otherwise respond within 30 days after receiving service of a written demand therefor, said demand also to be filed with the Clerk of Court. This motion and request for an indefinite extension of time shall not preclude any of the named defendants from filing its answer or otherwise responding to plaintiff's complaint at any time during the period that this litigation is stayed and held in abeyance.

Plaintiff's Exhibit B1 at 3 (Consent Motion for Enlargement of Time to Answer or Otherwise Respond).

The consent motion acknowledged that some form of investigation would be ongoing during the time the action was held in abeyance. Id. at 1 ("the parties hereto seek an order ... allowing defendants additional time to answer ... so that expert examination of evidence and fire artifacts may continue"). Nonetheless, despite its caption and the indication that something akin to informal discovery would be ongoing, the motion was characterized as a request that the court "in essence, stay this litigation pending the continued examination of the fire artifacts." Id. at 3.

The consent motion was granted by order dated May 16, 2001. Plaintiff's Exhibit B2. While the order does not use the word "stay," it refers to an intent to hold the matter "in abeyance pending the further examination of evidence." Its primary stated purpose is to grant an indefinite time for answering the complaint while allowing Defendants who desired to do so to file an Answer and while allowing Plaintiff to require Defendants to answer on thirty day's notice.

*2 Although not disclosed by the above referenced motion, another motivating factor for the request to stay was the serious illness of the wife of Plaintiff's counsel. Requests for production were, however, served on and by Plaintiff's counsel in mid August 2001, roughly two weeks after his wife's death.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



According to documents attached to Plaintiff's memorandum in support of remand, significant *formal* discovery occurred beginning in the summer of 2001 and continuing through the spring of 2002. Defendants Magnetek, Inc. and Electrical Wholesalers Inc., both served formal discovery requests on Plaintiff in July and August of 2001. Plaintiff's Exhibits B3 & B6. Plaintiff, in turn, served formal discovery requests on multiple Defendants in mid-August 2001. Plaintiff's Exhibits B7-B12. Defendant Magnetek served additional formal discovery requests in October 2001. Plaintiff's Exhibit B14.

Plaintiff responded to some of the earlier discovery requests in November and December of 2001. Plaintiff's Exhibits B15-18. Defendant Magnatek responded to Plaintiff's discovery requests in April 2002. Plaintiff's Exhibits B20 & B21. The following month, the same Defendant served a second set of formal discovery requests on Plaintiff. Plaintiff's Exhibits B22 & B23. Plaintiff responded to these requests in July 2002.

> FN1. Plaintiff has submitted an administrative order which Plaintiff asserts was entered in this case on January 31, 2002. Plaintiff's Exhibit 18. This order is not, however, of any relevance to the present determination as it is not specific to this case and deals only with general administrative matters for the relevant circuit.

Two Defendants also answered in August and September of 2001. Plaintiff's Exhibits B5 (Electrical Wholesaler's Answer), and B13 (GE Lighting's Answer). A third Defendant (Magnatek), answered in early 2002. Plaintiff's Exhibits B19. It is not clear from the present record whether these Answers were filed with the state court. They do, however, bear certificates of service on Plaintiff.

A status conference notice was sent out by the state court in August 2002 for a status conference to be held in early October. The present action was among the multiple actions listed for a status conference. Plaintiff's Exhibit C. While the record before this court does not reveal what occurred at that conference, a scheduling order was issued not long thereafter, on November 12, 2002. Defendant Lithonia Lighting's Exhibit 2 (attached to Memorandum in Opposition to Remand). That order sets a variety of deadlines and concludes "upon consent of all parties, the stay previously entered in this case is hereby lifted." November 12, 2002, Order at 2.

On or about July 23, 2003, a dismissal of the only non-diverse Defendant was filed in state court. Defendant Lithonia Lighting, with the consent of the remaining Defendants, removed the action to this court within thirty days thereafter.

> FN2. As all Defendants have joined in the removal and in opposing remand, the court will refer to "Defendants" collectively in the remainder of this order.

DISCUSSION

A. Equitable tolling under 28 U.S.C. § 1446(b)

Although it appears that removal was effected within thirty days of receipt of the paper which first demonstrated the action to be removable (dismissal of the only non-diverse Defendant), removal was clearly after the one-year period set for removal by 28 U.S.C. § 1446(b) which provides, in relevant part, that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." The issues presented by this removal are, therefore: (1) whether this one year limit can be tolled for equitable reasons; and, if so, (2) whether the circumstances of the present case present proper grounds for equitable tolling.

*3 Because the court answers the second inquiry in the negative, it need not resolve the first. Nonetheless, in light of *Lovern v. General Motors Corp.,* 121 F.3d 160, 163 (4th Cir.1997), this court predicts that the Fourth Circuit Court of Appeals would not allow equitable tolling of the one-year limitation in 28 U.S.C. § 1446(b) under any circumstances. *Id.,* 121 F.3d at 163 (referring to the one year limitation in 28 U.S.C. § 1446(b) as an "absolute bar" to removal). *See also Mantz v. St. Paul Fire and Marine Ins. Co.* 2003 WL 21383830 (S.D.W.Va.2003) ("No reasonable lawyer could believe that the Fourth Circuit Court of Appeals, or this court, would not adhere to the plain language of the statute. The Fourth Circuit has said plainly that '[i]n diversity cases, the statute [28 U.S.C. § 1446(b)] ... erect[s] *an absolute bar* to removal of cases in which jurisdiction is premised on 28 U.S.C. § 1332 more than 1 year after commencement of the action.' ").

> FN3. Plaintiff relies most heavily on *Tedford v. Warner-Lambert Co.,* 327 F.3d 423 (5th Cir.2003), in which the Fifth Circuit Court of Appeals allowed equitable tolling of the one-year limit under certain circumstances. The *Tedford* court did not refer to the *Lovern* decision, but did dismiss, as *dicta,* a discussion in an Eleventh Circuit decision which was in accord with *Lovern*. *See Tedford,* 327 F.3d at 426, n. 3 (discussing *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 n. 12 (11th Cir.1994)). The *Tedford* court also noted that "[n]o other circuit court has published an opinion on this issue."

While this court would be inclined to find the language in *Lovern* controlling, it need not finally resolve the question as the present circumstances would not, in any case, justify tolling for a variety of reasons. First, the "stay" in the present case was consensual. There is no suggestion that any party was in any way misled or that jurisdiction was manipulated to prevent Defendants from removing. Second, the state court's consensual "stay" was clearly limited in scope. During the stay of judicial proceedings, Plaintiff and multiple Defendants took advantage of the limited nature of the stay by conducting formal discovery under the relevant rules of court. Finally, the primary rationale on which Defendants rely for equitable tolling, Plaintiff's counsel's personal situation, did not continue to be relevant beyond mid August of 2001.

> FN4. By contrast, the circumstances which the court found adequate to justify tolling in *Tedford* involved forum manipulation by the plaintiff. *See Tedford,* 327 F.3d at 424 ("Where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended. The facts of this case present just such a circumstance.").

B. Attorneys' Fees

Plaintiff seeks an award of fees under 28 U.S.C. § 1447(c) which provides as follows: "An order remanding [a] case *may* require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). No showing of bad faith is required to support an award of fees under this section. *Gibson v. Tinkley,* 822 F.Supp. 347, 349 (S.D.W.Va.1993). In the present case, the court declines to award fees in light of all the circumstances, most particularly the unique history of this case and the initial reason giving rise to the limited stay in state court.

CONCLUSION

For the reasons set forth above, this court concludes that the removal was in violation of the one-year time limit set by 28 U.S.C. § 1446(b). The action is, therefore, remanded to the Court of Common Pleas for Sumter County, South Carolina. Each party shall bear its own costs.

IT IS SO ORDERED.

D.S.C.,2003.
Santee Print Works v. GE Lighting
Slip Copy, 2003 WL 24309801 (D.S.C.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.