IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Junnie Mae Wider, ) | C/A NO. 3:06-1103-CMC |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Isuzu, Inc. and Kathy Williams, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on an Order for a Rule to Show Cause why this case should not be remanded to the Court of Common Pleas for Richland County. Defendant Isuzu, Inc.[1] (hereinafter "Isuzu") filed a Memorandum in Response to the Rule to Show Cause on May 1, 2006. Plaintiff has not responded.

Plaintiff filed suit in the Richland County Court of Common Pleas on March 4, 2005. The suit contained allegations against a South Carolina citizen (Williams) and Isuzu based upon an automobile accident which occurred August 4, 2004.[2] Plaintiff served Williams[3] and (apparently) engaged in mediation. Plaintiff and Williams settled, and a consent order of dismissal as to Williams was entered on February 21, 2006. This order specifically indicated Plaintiff's claims against Isuzu were still viable. However, Isuzu, who had been served and had filed an answer in December, 2005, was not served with a copy of the order dismissing the non-diverse party (Williams) from the case.

---

[1] Defendant Isuzu indicates in its filings that its proper name is "Isuzu Motors America, Inc." As this court is remanding this matter to the state court, the court leaves the correction of Defendant's corporate name to the state court.

[2] Pursuant to S.C. Code Ann. § 15-3-530(5), the statute of limitations on filing this lawsuit would be three years.

[3] Williams' service and answer date in state court are unknown to this court.

Isuzu was not notified of the February dismissal of Williams until an oral conversation with Plaintiff's attorney on March 17, 2006. Isuzu obtained a copy of the order of dismissal of Williams from the Richland County Clerk of Court on April 4, 2006, and thereafter filed this removal on April 7, 2006.[4]

The second paragraph of 28 U.S.C. § 1446(b) reads as follows:

*If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

State law claims pursued in federal court are subject both to the state's relevant statute of limitations and to the state's corresponding rules regarding commencement of an action. *See Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980). Therefore, the plain language of South Carolina Rule of Civil Procedure 3(a)(1) governs when the present action was commenced. *See Burgin v. LaPointe Mach. Tool Co.*, 161 F.R.D. 44 (D.S.C. 1995) (applying earlier version of S.C. R. Civ. P. 3 to state law claim filed in federal court and acknowledging that "[i]n determining when an action is commenced for purposes of tolling the statute of limitations, federal courts sitting in diversity must follow state law"); *Wolfberg v. Greenwood Dev. Corp.*, 868 F. Supp. 132, 133-35 (D.S.C. 1994). *See also McCall v. Williams*, 52 F. Supp. 2d 611, n.5 (D.S.C. 1999) (applying state's commencement rule to state law claims and federal commencement rule to federal claims asserted in the same action). Isuzu concedes in its memorandum that because this case was filed in state court on March 4, 2005

---

[4] Isuzu sought a copy of the order from Plaintiff, but was unable to obtain a copy. Isuzu thereafter procured its own copy from the court.

2

and served within the statute of limitations period, it commenced upon filing.[5] Memo. at 3, filed May 1, 2006. Therefore, it appears this action was removed more than one year after its commencement and, therefore, it should be remanded.

In *Lovern v. General Motors Corp.*, 121 F.3d 160 (4th Cir. 1997), the Fourth Circuit referred (albeit in *dicta*) to the one year limitation in 28 U.S.C. § 1446(b) as an "absolute bar" to removal. *Lovern,* 121 F.3d at 163. This court and other district courts within this circuit have interpreted *Lovern* as precluding equitable tolling of the one year limit. *See Mantz v. St. Paul Fire and Marine Ins. Co.*, 2003 WL 21383830 (S.D.W.Va. 2003) (stating that "No reasonable lawyer could believe that the Fourth Circuit Court of Appeals, or this court, would not adhere to the plain language of the statute. The Fourth Circuit has said plainly that '[i]n diversity cases, the statute [28 U.S.C. § 1446(b)] . . . erect[s] *an absolute bar* to removal of cases in which jurisdiction is premised on 28 U.S.C. § 1332 more than 1 year after commencement of the action.'").

The Fifth Circuit has, by contrast, allowed equitable tolling of the one-year limit, at least where there are strong equitable grounds such as manipulation of the procedural rules. *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003).[6] Although *Tedford* was decided after *Lovern,*

---

[5]South Carolina Rule of Civil Procedure 3(a) states that "[a] civil action is commenced when the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law . . . ." The language indicates that as long as the suit is served within the time period provided for in S.C. Code Ann. §15-3-510 *et seq.*, then the action is "commenced" when the summons and complaint are filed with the clerk.

[6] The circumstances which the court found adequate to justify tolling in *Tedford* involved forum manipulation by the plaintiff. *See Tedford,* 327 F.3d at 424 ("Where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended. The facts of this case present just such a circumstance.").

3

the *Tedford* court did not refer to the *Lovern* decision. It did, however, address a similar comment in an Eleventh Circuit decision, dismissing it as *dicta.* See *Tedford,* 327 F.3d at 426, n.3 (discussing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 n.12 (11th Cir. 1994)).

Three cases from within this circuit which Defendant cites for allowance of equitable tolling are either pre-*Lovern* or fail to address *Lovern*. See *Wise v. Gallagher Bassett Servs.,* 2002 WL 2001529 (D. Md. Aug. 27, 2002) (post-*Lovern* case which relies on *Saunders* (cited below) and does not address *Lovern*); *Saunders v. Wire Rope Corp.,* 777 F. Supp. 1281 (E.D. Va. 1991) (pre-*Lovern* decision); *Sheppard v. Wire Rope Corp.*, 777 F. Supp. 1285 (E.D. Va. 1991) (pre-*Lovern* decision). Thus, these cases provide little, if any, guidance.

Defendant also cites a case from this district, *Rauch v. Rauch*, D.S.C. Civil Action No. 9:05-00376-PMD, for the proposition that equitable tolling of the deadline imposed by 28 U.S.C. § 1446(b) is available. Judge Duffy's order, after reviewing the state of the law in this circuit and others, simply assumes equitable tolling is available under the statute. The order denies remand because "the actions of Plaintiff [in dismissing the non-diverse party more than one year after commencement of the action] constitute a shameless and egregious manipulation of the court's jurisdiction." *Rauch v. Rauch*, D.S.C. Civil Action No. 9:05-00376-PMD, Order at 6, filed Mar. 23, 2006). This circumstance is not applicable in the current matter.

Absent clear guidance to the contrary, this court would apply the plain language of the statue as written: barring removal of actions which have been pending in the state courts for more than one year, regardless of the circumstances. This interpretation is supported, if not required, by the Fourth Circuit's reference to the one-year limit as an "absolute bar" in *Lovern*. For these reasons, this court concludes that equitable tolling does not apply to the one-year limit set by 28 U.S.C. § 1446(b).

Even if this court were to find the "absolute bar" language in *Lovern* not to be controlling, it would not find the circumstances here adequate to support equitable tolling. While there appears to be nothing else Defendant could have done to preserve its right to removal, neither is there any indication that Plaintiff has improperly manipulated the procedural rules to avoid a decision within the time that would have otherwise allowed for removal. There is nothing so exceptional about this litigation as to support carving a judicial limitation into the plain language of Section 1446(b).

This matter is therefore remanded to the Richland County Court of Common Pleas.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 24, 2006

C:\temp\notesB0AA3C\~1006984.wpd

5